UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL D. HICKINGBOTTOM,

    Petitioner,

        v.                               CAUSE NO. 3:21-CV-758-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Michael D. Hickingbottom, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-17-10-218) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Hickingbottom asserts that he is entitled to habeas relief because the hearing officer exhibited bias when telling Hickingbottom that he could not assert self-defense as a defense to the disciplinary charge; because the administrative record demonstrated that he acted in self-defense; and because he was denied the right to present additional evidence to show that he acted in self-defense. While he asserts three separate grounds for habeas relief, they are each premised on his assertion that he has a

constitutional right of self-defense. However, there is no constitutional right to assert self-defense in a prison disciplinary proceeding. *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007). Therefore, none of the claims in the petition are a basis for habeas relief.

Because Hickingbottom has not asserted a valid claim for habeas relief, the habeas petition is denied. If Hickingbottom wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Michael D. Hickingbottom leave to proceed in forma pauperis on appeal.

SO ORDERED on October 19, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT